UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 21-43 |
| DOMINIC ROMANO | SECTION M (4) |

**ORDER & REASONS**

Defendant Dominic Romano filed a document that he entitles a motion to correct clerical error under Federal Rule of Criminal Procedure 36.[1] The government opposes the motion,[2] and Romano replies in further support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

**I.   BACKGROUND**

On June 30, 2022, Romano pleaded guilty to Count 1 of the indictment, which charged him with possession of child sexual abuse material involving a minor under the age of twelve, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[4] On March 30, 2023, he was sentenced to 60 months of imprisonment and 10 years of supervised release, and ordered to pay a $100 special assessment fee and an amount of restitution to be determined at a later date.[5] The terms of his sentence were reflected in the judgment entered on March 30, 2023.[6] In lieu of a restitution hearing, the parties filed a joint motion and stipulation concerning restitution,[7] which the Court granted on September 13, 2023.[8] The Court then entered an amended judgment, ordering Romano

---

[1] R. Doc. 84.
[2] R. Docs. 86; 90.
[3] R. Docs. 88; 89.
[4] *See* R. Docs. 1; 39.
[5] R. Doc. 70 at 2-3, 7.
[6] *See id.*
[7] R. Doc. 80
[8] R. Doc. 81.

1

to pay $15,000 in restitution, as agreed to in the stipulation, and stating that "[p]ayment [is] to begin immediately."[9]  On February 1, 2024, Romano agreed to a payment plan pursuant to the Inmate Financial Responsibility Program ("IFRP"), which is operated by the Bureau of Prisons ("BOP").[10]  The agreement states that Romano will pay $50.00 per month towards his restitution obligation.[11]

## II.   PENDING MOTION

In the motion, Romano contends that the Court's lack of instruction in its amended judgment regarding the BOP's collection of his restitution payments is a clerical error, and asks the Court to amend its judgment to instruct the BOP as to the manner in which it collects the payments, as well as the amount it collects.[12]  In particular, he asks the Court to change his monthly payment obligation from $50 to 50% of his monthly inmate performance pay.[13]  He also asks the Court to preclude the BOP from collecting payments from his inmate trust account to satisfy his monthly payment obligation.[14]

In opposition, the government argues that Romano's request does not fall within the parameters of a "clerical error" subject to correction under either Rule 35 or 36, explaining that Romano has instead asked the Court to amend the judgment against him "to (1) limit BOP's collection of his performance pay to half of what he receives and (2) preclude BOP from collecting amounts in his inmate trust account from any other source (*e.g.*, deposits from his friends and family)."[15]  Because the government also suggested in its opposition memorandum that the Court

---

[9] R. Doc. 82 at 7-8.
[10] R. Doc. 86-1.
[11] *Id.* at 1.
[12] R. Doc. 84.
[13] *Id.* at 4.
[14] *Id.*
[15] R. Doc. 86 at 2.

may not have the authority, under any basis, to award the relief sought by Romano,[16] the Court ordered the government to file supplemental briefing addressing whether the Court has the authority to consider the merits of Romano's request.[17]

In reply,[18] Romano insists that he is not asking the Court to change the substance of the judgment but to add wording to the judgment instructing the BOP as to the manner in which it collects restitution, which he contends is within the scope of the Court's authority since "courts have the ability to issue a 'subsequent order modifying its intent concerning payment.'"[19]

In the government's supplemental brief, it contends that Romano is not contesting any restitution payment schedule made by the Court, but instead the scheduled payment amount and methodology under the IFRP.[20] Thus, says the government, if Romano wishes to contest his payment terms under the IFRP, he must do so by filing a habeas petition in the United States District Court for the Northern District of Illinois, the district in which he is incarcerated.[21]

### III.  LAW & ANALYSIS

#### A. Whether the Court has the Authority to Amend its Judgment Under Rule 35 or 36

"[A] district court has authority to correct a sentence under Federal Rule of Criminal Procedure 35 and to correct clerical mistakes in judgments and orders under Federal Rule of Criminal Procedure 36." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020). Rule 35 provides in pertinent part that a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 36, the rule Romano relies on, provides that the district court "may at any time correct a clerical error in a judgment,

---

[16] *Id.* at 4, 1 n.1.
[17] R. Doc. 87.
[18] R. Docs. 88; 89.
[19] R. Doc. 89 at 3 (quoting an unspecified source).
[20] R. Doc. 90 at 2.
[21] *Id.* at 2-3.

order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "A clerical error occurs when the court intends to do one thing, but through clerical mistake or oversight does another." *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)). Indeed, "the purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes.'" *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)).

Here, Romano contends that the Court committed a clerical error by not including in the judgment an instruction to the BOP as to the amount it collects and the manner in which it is to collect such payments. The Court did not intend to include such an instruction in the judgment, so its non-inclusion was not a mindless or mechanistic mistake. *See United States v. Sutang Wu*, 466 F. App'x 636 (9th Cir. 2012) ("Wu seeks to correct the judgment and commitment order to reflect that his participation in the Inmate Financial Responsibility Program is voluntary rather than mandatory. Because there is no error, clerical or otherwise, the district court properly declined to grant relief."). To be sure, the Fifth Circuit does not require a judgment to include a restitution payment schedule. *See United States v. Pagan*, 2022 WL 3643373, at *1 (E.D. Tex. July 11, 2022) (citing *United States v. Miller*, 406 F.3d 323 (5th Cir. 2005)), *adopted*, 2022 WL 3636604 (E.D. Tex. Aug. 23, 2022). And while the standard form of judgment (AO 245C) alludes to the possibility of certain payments being made through the IFRP, the judgment the Court entered does not require Romano to participate in the program.[22] *See United States v. Rush*, 853 F. Supp. 2d 159, 162 (D.D.C. 2012) ("Because the Court's Judgment does not require [the defendant] to

---

[22] *See* R. Doc. 82 at 8 ("Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.").

participate in the BOP's IFRP at all, let alone obligate her to make specific monthly payments under that program, this Court has no occasion to modify its Judgment to 'reduce' [the defendant's] monthly payments under IFRP."). Consequently, absent any clerical error in the judgment, Romano is not entitled to any relief under Rule 36.

Even assuming Romano intended to bring the instant motion under Rule 35 instead of Rule 36,[23] Rule 35 requires that the motion be filed within 14 days after sentencing; otherwise, it must be filed by the government. Fed. R. Crim. P. 35(a). "[B]ecause it was neither made 'within 14 days after sentencing,' nor was it made by the government," Romano's request is not proper under Rule 35. *See Varner*, 948 F.3d at 253-54 (alteration omitted) (quoting Fed. R. Crim. P. 35(a)).

### B. Whether the Court Has Jurisdiction to Instruct the BOP as to the Amount It Collects from Romano and the Manner in Which It Collects the Payments

Having concluded that Romano's request does not fall under Rule 35 or 36, the Court must next determine whether it has the authority, on any other basis, to instruct the BOP as to how it must collect his payments. The question is well-settled in this circuit, as elsewhere, that it does not.

In *United States v. Diggs*, 578 F.3d 318 (5th Cir. 2009), an incarcerated defendant filed a motion under 18 U.S.C. § 3664(k), asking the court in which he was sentenced to reduce his monthly IFRP obligations from $70 per month to $25 every four months, and the district court denied relief. On appeal, the Fifth Circuit vacated the district court's order and remanded the case with instructions to dismiss it without prejudice for lack of subject-matter jurisdiction. The court determined that the defendant was not challenging the restitution payment schedule made by the

---

[23] Although Romano at one point denies bringing this motion under Rule 35, *see* R. Doc. 88 at 4 ("The Government's response attempts to mislead the court by mentioning Rules 34 and 35, knowing they play no part in the Defendant's request."), he later contends that he "feels that his request falls within the parameters of either rule 35, 36 or some other court authority to grant." *See* R. Doc. 89 at 3.

5

district court, but his payment schedule under the IFRP. The Fifth Circuit explained that the IFRP "is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration," after all administrative remedies have been exhausted. *Id.* at 319-20 (citing *United States v. Lott*, 227 F. App'x 414 (5th Cir.2007)).

Similarly, in *United States v. Rush*, a *pro se* defendant asked the court in which she was sentenced to amend its judgment to reduce her monthly payment obligation under the IFRP. 853 F. Supp. 2d at 162-63. The court denied the motion, explaining that a motion to amend was "not the appropriate vehicle" for the relief sought. *Id.* at 162. Instead, said the court, she could possibly pursue relief through the BOP's Administrative Remedy Program, *id.* (citing 28 C.F.R. § 542.10(a)), or by challenging the execution of her sentence under § 2241 in the federal district court where she is *incarcerated*. *Id.* at 162-63.

Here, Romano is not asking the Court to change his sentence.[24] He is instead asking the Court to include in its judgment an instruction to the BOP as to the amount it can collect and the manner in which it can collect his payments. Because Romano has neither exhausted his administrative remedies nor brought his motion in the district of his incarceration, the Court lacks subject-matter jurisdiction over the matter.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that, to the extent Romano seeks to modify the judgment pursuant to Rules 35 or 36, the motion (R. Doc. 84) is DENIED.

---

[24] *See* R. Docs. 88 at 4 ("The Defendant's request to clarify has no change in the substance of his sentence[;] it merely clarifies that it is the Defendant himself who is financially responsible for his restitution, not his parents."); 89 at 3 ("To clarify, the Defendant IS NOT asking the court to change the 'Due Immediately' aspect of his restitution. He is merely asking that this court add wording to a section of his [judgment] that instructs the BOP in the manner in which to do so, without placing financial strain on the Defendant's parents." (emphasis in original)).

IT IS FURTHER ORDERED that, to the extent Romano seeks an instruction to the BOP as to the manner in which it is to collect Romano's restitution payments under the IFRP, the motion (R. Doc. 84) is DENIED WITHOUT PREJUDICE for want of subject-matter jurisdiction.

New Orleans, Louisiana, this 29th day of April, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE